1   RICHARD E. WINNIE
    County Counsel
2   MICHAEL R. NAVE, SBN: 37226
3   DAVID W. SKINNER, SBN: 146285
    JAMES H. DUNCAN, JR., SBN 142039
4   MEYERS, NAVE, RIBACK, SILVER & WILSON
5   A Professional Law Corporation
    555 12th Street, Suite 1500
6   Oakland, California 94607

7

    Telephone:  (510) 808-2000
8

9   Attorneys for Plaintiff
    COUNTY OF ALAMEDA
10

11               UNITED STATES DISTRICT COURT
12

13            NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16   COUNTY OF ALAMEDA, etc., | Case No.  C 02-5766 EDL |
| 17          Plaintiff, | STIPULATION AND ORDER |
| 18 | FOR SETTLMENT AND PAYMENT OF JUST |
| 19          v. | COMPENSATION AND FOR |
| 20   DUBLIN SAN RAMON SERVICES | ENTRY OF JUDGMENT AND |
| 21   DISTRICT, et al. | FINAL ORDER OF CONDEMNATION |
| 22         Defendants. | |
| 23 | APN:  914-1300-002-06 (Por.) |
| 24 | Parcel: 52438-1 |
| 25 | |

26

27

28

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR
ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

1  Plaintiff, COUNTY OF ALAMEDA, a political subdivision of the State of

2  California ("County"), defendant, DUBLIN SAN RAMON SERVICES DISTRICT

3  ("DSRSD"), defendant CITY OF PLEASANTON ("City") and defendant and cross-

4  complainant UNITED STATES OF AMERICA ("USA') through their attorneys stipulate

5  as follows:

6  ### STIPULATED FACTS

7

8  1.  By Quitclaim Deed dated July 10, 1987 ("Deed"), the Secretary of Health

9  and Human Services, by the Director, Division of Health Facilities Planning,

10  Department of Health and Human Services ("HHS;" hereinafter, HHS also means

11  USA) conveyed to DSRSD all of HHS's right, title and interest, subject to certain

12  reserved rights (collectively, "Reversionary Interest") in and to approximately 138

13  acres of real property ("Property") located in the County of Alameda, California, more

14  particularly described in the Deed, a copy of which is attached hereto as Exhibit "A"

15  and incorporated herein by reference.

16  2.  On April 23, 1997, County commenced an eminent domain action in the

17  Alameda County Superior Court entitled, <u>County of Alameda, etc.,</u> v. <u>Dublin-San</u>

18  <u>Ramon Services District, et al.</u>, Alameda Cnty. Super. Ct., Eastern Div. No. V

19  0156119-3 ("State Action") to condemn approximately 3.4 acres of the Property

20  ("Subject Property") for highway realignment purposes related to the Interstate

21  580/680 Interchange Project. The Subject Property is more particularly described in

22  Exhibit "B," attached hereto and incorporated herein by reference.  Because City

23  owned easements for roadway, landscape, and public utilities and HHS owned a

24  reversionary interest in the Subject Property, said parties were named as defendants.

25  Additional parties included defendant Pacific Telephone and Telegraph Company,

26  which filed a disclaimer herein, and defendant Elisabeth Nevin, who was dismissed by

27  County.

28

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR
ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

3.  On April 28, 1998, County deposited the sum of One Million Two Hundred Eighty Thousand Three Hundred Dollars ($1,280,300.00) with the Superior Court of the County of Alameda as the probable just compensation in the State Action.

4.  Defendants DSRSD and City filed answers to the complaint in the State Action.

5.  On December 11, 2003, HHS filed a Notice of Removal of the State Action to the United States District Court, Northern District of California, whereupon proceedings have continued under federal jurisdiction as <u>County of Alameda, etc.</u>, v. <u>Dublin-San Ramon Services District, et al.</u>, U.S. Dist. Ct., N.D. Cal., S.F. Div. No. C 02-5766 EDL (JL), ("Federal Action").  HHS filed an answer to the complaint in the Federal Action and cross-claims against DSRSD.  DSRSD has answered said cross-claims and asserted affirmative defenses.

6.  On December 31, 2003, County increased its deposit of probable just compensation in the State Action by the sum of Four Hundred Sixty-Nine Thousand, Seven Hundred and No/100 Dollars ($469,700.00) for a total of One Million Seven Hundred Fifty Thousand and No/100 Dollars ($1,750,000.00) on deposit.

7.  The Property is used by DSRSD for facultative sludge lagoons, land disposal of biosolids and related purposes in conjunction with DSRSD's wastewater treatment plant operations.

8.  Severance of the Subject Property from the remainder of the Property has diminished the value of the remainder of the Property by reducing the operational capacity of DSRSD's wastewater treatment facilities thereby resulting in "Severance Damages" as defined by California Code of Civil Procedure Section 1263.420.

9.  County and DSRSD have reached a settlement regarding the fair market value of the Subject Property and the amount of Severance Damages to the remainder of the Property (collectively, "Just Compensation").

10.  DSRSD and HHS have reached a settlement regarding the value of HHS's Reversionary Interest in the Property, and DSRSD and City have reached a settlement regarding City's landscape easement.

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

11. County, DSRSD, HHS and City desire to resolve and settle their respective claims and cross-claims and to conclude their interests in the State and Federal Actions pursuant to this Stipulation.

### STIPULATED SETTLEMENT

12. In settlement of the State and Federal Actions and subject to the following terms and conditions, County shall pay to DSRSD the total sum of Three Million Five Hundred Thousand Dollars ($3,500,000.00) as and for Just Compensation for the acquisition of the fee simple title to the Subject Property and Severance Damages to the remainder of DSRSD's Property.  Two Million Nine Hundred Two Thousand Five Hundred Ninety Two Dollars ($2,902,592.00) of said amount shall be paid to DSRSD and Five Hundred Ninety Seven Thousand Four Hundred Eight Dollars ($597,408.00) of said amount shall be paid to HHS as just compensation for its Reversionary Interest in the Subject Property.   Said sums comprise the total compensation respectively payable to DSRSD and HHS hereunder, and DSRSD and HHS shall make no claim against County for accrued interest or other compensation by reason of the State or Federal Actions.

13. The settlement between DSRSD and HHS is expressly conditioned upon the receipt by DSRSD of a duly executed and acknowledged Release and Abrogation of Conditions Subsequent or other appropriate instrument from HHS conveying all right, title and interest of HHS in and to the Subject Property to DSRSD, or otherwise relinquishing any interest of HHS therein.  Said Release ("Release") or other instrument shall be delivered to DSRSD simultaneously with the payment by County to HHS of the sum of $597,408.00.  A copy of said Release is attached hereto as Exhibit "C" and incorporated herein by reference.  DSRSD shall record said Release prior to the entry of the Final Order of Condemnation.

14. City agrees and acknowledges that it disclaims its interest in its easements for roadway and public utilities.  No monetary or other or additional

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

1   compensation shall be payable or due to City for the loss of said easements and City

2   hereby relinquishes any and all claims therefor.

3        15.    City agrees and acknowledges that it disclaims its interest in its

4   landscape easement.  DSRSD and City acknowledge and agree that DSRSD has

5   installed replacement landscaping and appurtenances on a portion of the remainder

6   of the Property that replace the landscaping removed by County in conjunction with its

7   Interstate 580/680 Interchange Project and the related realignment of Johnson Drive.

8   City and DSRSD hereby agree that DSRSD is the sole owner of said replacement

9   landscaping, unencumbered by any claim thereto or to the Property by City. City

10  hereby agrees that it has been fully compensated for the loss of its landscaping and

11  landscape easement. Therefore, no monetary or other or additional compensation

12  shall be payable or due to City from or by any of the parties for the loss of City's

13  landscape easement and landscaping and appurtenances thereon and City hereby

14  relinquishes any and all claims therefor.

15       16.  The Court shall order County to increase the deposit of Just Compensation

16  from $1,750,000.00 to $3,500,000.00, and to pay from the increased deposit the sum

17  of $2,902,592.00 to DSRSD and the sum of $597,408.00 to HHS in accordance with

18  the terms of this stipulated settlement.

19       17.  Upon proof being submitted to the Court that County has paid just

20  compensation of $2,902,592.00 to DSRSD and $597,408.00 to HHS, the Court shall

21  enter a Judgment of Condemnation and a Final Order of Condemnation, copies of

22  which are attached hereto as Exhibit "D" and Exhibit "E," respectively.

23       18.  County, DSRSD, City and HHS, each for and on behalf of itself, their

24  respective governing bodies, departments, agencies, affiliates, officers, employees,

25  agents, attorneys, executors, administrators and assigns, in consideration of the terms

26  and conditions of this Stipulation and upon the payments by County described in

27  Paragraph 12, HHS's relinquishment of its reversionary interest in the Subject

28  Property to DSRSD pursuant to Paragraph 13, City's relinquishment of its easements

    for roadway and public utilities described in Paragraph 14 and DSRSD and City's

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR
ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

acknowledgment and agreement and City's relinquishment of its landscape easement and landscaping described in Paragraph 15, hereby release and forever discharge all claims and causes of action, known or unknown, for compensation, damages, equitable relief or any other relief whatsoever against each other, their respective governing bodies, departments, agencies, affiliates, officers, employees, agents, attorneys, executors, administrators and assigns regarding, or arising out of, or alleged to have arisen out of the State Action and the Federal Action or otherwise related to just compensation for the property interests condemned or relinquished in either of said Actions.

This release is a general release. In that regard, County, DSRSD, City and HHS each for itself, expressly acknowledge that they have read and considered the provisions of California Civil Code section 1542 and hereby waive all rights under that Section, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

19. County, DSRSD, City and HHS agree that this Stipulation is entered into as a compromise and settlement of the State Action and the Federal Action and their claims against each other in the Federal and State Actions. By entering into this Stipulation the parties do not admit to any alleged fact adverse to their respective interests, nor do they admit to, or assume, liability of any kind regarding the subject matter of either of said Actions and the alleged claims against each other. Neither this Stipulation nor any of the provisions thereof, may be offered as evidence of an admission of such adverse alleged fact or of liability in any court or legal proceeding including, without limitation, any alternative dispute resolution proceeding or administrative proceeding. Further, and without limitation upon the foregoing: (i) neither this Stipulation nor any provision thereof including, without limitation, the

6

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

compensation payable to DSRSD and HHS, shall be offered in evidence for valuation purposes of the Property, the Subject Property and the severance damages to the remainder of the Property by either party in any court or legal proceeding including, without limitation, any alternative dispute resolution proceeding or administrative proceeding and  (ii) except as provided herein, neither this Stipulation, nor any of the provisions thereof shall be deemed to diminish or bar any right or rights that may have accrued to any party against the other parties named in the State and Federal Actions or any department, agency, affiliate, officer, employee, agent, or  assign thereof and each party hereby expressly reserves any and all such rights.

20.  Each of the undersigned parties shall bear their own costs and fees including, without limitation, their attorneys fees, costs and fees for appraisers, other expert witnesses and consultants and all other costs and expenses related to the State and Federal Actions.

21.  The Court shall retain jurisdiction of this action to effectuate the terms and conditions of this Stipulation and the orders thereon.

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
Attorneys for Plaintiff
COUNTY OF ALAMEDA

Dated: June 2 8 , 2005

LAW OFFICES OF DAVID E. SCHRICKER

By: _____
David E. Schricker
Attorney for Defendant
DUBLIN SAN RAMON SERVICES DISTRICT

Dated: June 16, 2005

7

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR
ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

MICHAEL H. ROUSH
City Attorney

By: _Michael H. Rous_

Michael H. Roush
Attorney for Defendant
CITY OF PLEASANTON

Dated: _June 16_, 2005

KEVIN V. RYAN
United States Attorney

By: _Andrew Y.S. Cheng_

Andrew Y.S. Cheng
Assistant United States Attorney
Attorney for Defendant
UNITED STATES OF AMERICA

Dated: _July 1_, 2005

## ORDER ON STIPULATION FOR JUDGMENT

Pursuant to stipulation, it is so ordered.

Dated: _July 12_, 2005

_____
Elizabeth D. Laporte, Magistrate Judge

IT IS SO ORDERED
_Elizabeth D. Laporte_
Judge Elizabeth D. Laporte

8

STIPULATION AND ORDER FOR PAYMENT OF JUST COMPENSATION AND FOR
ENTRY OF JUDGMENT AND FINAL ORDER OF CONDEMNATION
C 02-5766 EDL

# Exhibit A

*w⁻¹ ʳ²ᵃⁿ ᵃᵈⁿᵏ ᶦⁿ*

*Dublio San Ramon Serv. District*
*7051 Dublin Blvd, Dublin Cal 94568*

# D87-01

(Contract No. 09-CA-2019

## QUITCLAIM DEED

THIS INDENTURE, made this *10th* day of *July*, 1987, between the United States of America, acting through the Secretary of Health and Human Services, by John A. Cofrancesco, Director, Division of Health Facilities Planning, Public Health Service, of the Department of Health and Human Services, under and pursuant to the power and authority provided by the Federal Property and Administrative Services Act of 1949 (63 Stat. 377), as amended (hereinafter called the Act), and Regulations promulgated pursuant thereto, and the Dublin San Ramon Services District (hereinafter called the Grantee).

## WITNESSETH

WHEREAS, by letter dated October 24, 1986, from the General Services Administration, certain surplus property consisting of 137.95 acres of fee land and 1 acre in easements hereinafter described (hereinafter called the Property), was assigned to the Department of Health and Human Services (hereinafter called the Grantor) for disposal upon the recommendation of the Grantor that the Property is needed for health purposes in accordance with the provisions of the Act; and

WHEREAS, said Grantee has made a firm offer to purchase the Property under the provisions of the Act and has made application for a public benefit allowance; and proposes to use the Property for said purposes; and

WHEREAS, the General Services Administration has notified the Grantor that no objection will be interposed to the transfer of the Property to the Grantee, and

WHEREAS, the Grantor has accepted the offer of the Grantee,

NOW, THEREFORE, the Grantor, for and in consideration of the foregoing and of the observance and performance by the Grantee of the covenants, considerations and restrictions hereinafter contained and other good and valuable consideration, the receipt of which is hereby acknowledged, has remised, released and quitclaimed and by these presents does remise, release and quitclaim to the Grantee, its successors and assigns, all right, title, interest, claim and demand, excepting and reserving such rights as may arise from the operation of the conditions subsequent hereinafter expressed, which the United States of America has in and to the Property, situate, lying, and being in the County of Alameda, State of California, and more particularly described on Exhibit A attached hereto and made a part of this Quitclaim Deed.

TO HAVE AND TO HOLD the Property subject, however, to each of the following conditions subsequent, which shall be binding upon and enforceable against the Grantee, its successors and assigns, as follows:

Case 3.02-cv-03766-EDL   Document 53   Filed 07/12/05   Page 11 of 35

1. That for a period of thirty (30) years from the date hereof the Property herein conveyed will be used continuously for health purposes in accordance with the proposed program and plan of the Grantee as set forth in its application dated the 8th day of August, 1986, supplemented on September 17, 1986, and May 28, 1987, and for no other purpose.

2. That during the aforesaid period of thirty (30) years the Grantee will not resell, lease, mortgage, or encumber or otherwise dispose of any part of the Property or interest therein except as the Grantor or its successor in function may authorize in writing.

3. That one year from the date hereof and annually thereafter for the aforesaid period of thirty (30) years, unless the Grantor or its successor in function directs otherwise, the Grantee will file with the Grantor or its successor in function reports on the operation and maintenance of the Property and will furnish, as requested, such other pertinent data evidencing continuous use of the Property for the purposes specified in the above-identified application.

4. That during the aforesaid period of thirty (30) years the Grantee will at all times be and remain a tax-supported organization or a nonprofit institution, organization, or association exempt from taxation under section 501(c)(3) of the Internal Revenue Code of 1954.

5. That, for the period during which the Property is used for the purpose for which the Federal assistance is hereby extended by the Grantor or for another purpose involving the provision of similar services or benefits, the Grantee hereby agrees that it will comply with the requirements of section 606 of the Act, Title VI of the Civil Rights Act of 1964 (P.L. 88-352), section 504 of the Rehabilitation Act of 1973 (P.L. 93-112), Title III of the Age Discrimination Act of 1975 (P.L. 94-135), and all requirements imposed by or pursuant to the Regulations of the Grantor (45 CFR Parts 12, 80, 84 and 91) issued pursuant to said Acts and now in effect, to the end that, in accordance with said Acts and Regulations, no person in the United States shall, on the ground of race, color, national origin, sex, age, or handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under the program and plan referred to in condition numbered 1 above or under any other program or activity of the Grantee, its successors or assigns, to which said Acts and Regulations apply by reason of this conveyance.

In the event of a breach of any of the conditions subsequent set forth above, whether caused by the legal or other inability of the Grantee, its successors and assigns, to perform any of the obligations herein set forth, the Grantor or its successor in function will, at its option, have an immediate right of reentry thereon, and to cause all right, title, and interest in and to the Property to revert to the United States of America, and the Grantee, its successors and assigns, shall forfeit all right, title, and interest in and to the Property and to any and all of the tenements, hereditaments, and appurtenances thereunto belonging: PROVIDED, HOWEVER, that the failure of the Grantor or its successor in function to insist in any one or more instances upon

complete performance of any of the said conditions subsequent shall not be construed as a waiver of or a relinquishment of the future performance of any of said conditions subsequent, but the obligations of the Grantee with respect to such future performance shall continue in full force and effect; PROVIDED FURTHER, that, in the event the Grantor or its successor in function fails to exercise its option to reenter the premises and to revert title thereto for any such breach of conditions numbered 1, 2, 3, or 4 herein within 31 years from the date of this conveyance, conditions numbered 1, 2, 3 and 4 herein, together with all rights to reenter and revert title for breach of condition, will, as of that date, terminate and be extinguished; and PROVIDED FURTHER, that the expiration of conditions numbered 1, 2, 3 and 4, and the right to reenter and revert title for breach thereof, will not affect the obligation of the Grantee, its successors and assigns, with respect to condition numbered 5 herein or the right reserved to the Grantor for its successor in function to reenter and revert title for breach of condition numbered 5.

The Grantee, by acceptance of this deed, covenants and agrees for itself and its successors and assigns that in the event the Grantor exercises its option to revert all right, title, and interest in and to the Property to the Grantor, or the Grantee voluntarily returns title to the Property in lieu of a reverter, then the Grantee shall provide protection to and maintenance of the Property at all times until such time as the title is actually reverted or returned to and accepted by the Grantor. Such protection and maintenance shall, at a minimum, conform to the standards prescribed by the General Services Administration in FPMR 101-47.4913 (41 CFR Part 101) now in effect, a copy of which is attached to the Grantee's aforementioned application.

The Grantee, by acceptance of this deed, covenants and agrees for itself, its successors and assigns, with respect to the Property or any part thereof—which covenant shall attach to and run with the land for so long as the Property is used for a purpose for which Federal assistance is hereby extended by the Grantor or for another purpose involving the provision of similar services or benefits, and which covenant shall in any event, and without regard to technical classification or designation, legal or otherwise, be binding to the fullest extent permitted by law and equity, for the benefit of and in favor of and enforceable by the Grantor or its successor in function against the Grantee, its successors and assigns for the Property, or any part thereof—that it will comply with the requirements of section 606 of the Act, Title VI of the Civil Rights Act of 1964 (P.L. 88-352), section 504 of the Rehabilitation Act of 1973 (P.L. 93-112), Title III of the Age Discrimination Act of 1975 (P.L. 94-185), and all requirements imposed by or pursuant to the Regulations of the Grantor (45 CFR Parts 12, 80, 84 and 91) issued pursuant to said Acts and now in effect, to the end that, in accordance with said Acts and Regulations, no person in the United States shall, on the ground of race, color, national origin, sex, age, or handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under the program and plan referred to in condition numbered 1 above or under any other program or activity of the Grantee, its successors or assigns, to which such Acts and Regulations apply by reason of this conveyance.

In the event title to the Property or any part thereof is reverted to the United States of America for noncompliance or is voluntarily reconveyed in lieu of reverter, the Grantee, its successors or assigns, at the option of the

Grantor, or its successor in function, shall be responsible for and shall be
required to reimburse the United States of America for the decreased value
thereof that is not the result of reasonable wear and tear, an act of God, or
alterations and conversions made by the Grantee, its successors or assigns, to
adapt the property to the health use for which the property was transferred.
The United States of America shall, in addition thereto, be reimbursed for such
damage, including such costs as may be incurred in recovering title to or
possession of the above-described property, as it may sustain as a result of
such noncompliance.

The Grantee may secure abrogation of the conditions subsequent numbered 1,
2, 3 and 4 herein by:

a. Obtaining the consent of the Grantor, or its successor in function,
therefor; and

b. Payment to the United States of America of 1/360th of the percentage
public benefit allowance granted of the fair market value as of the
date of such requested abrogation, exclusive of the value of
improvements made by the Grantee to the extent that they add to the
value of that portion of the Property to be released, for each month
of the period to be abrogated.

The Grantee, by acceptance of this deed, further covenants and agrees for
itself, its successors and assigns, that in the event the Property or any part
thereof is, at any time within the period of thirty (30) years from the date of
this conveyance, sold, leased, disposed of or used for purposes other than those
designated in condition numbered 1 above without the consent of the Grantor, or
its successor in function, all revenues therefrom or the reasonable value, as
determined by the Grantor, or its successor in function, of benefits to the
Grantee, deriving directly or indirectly from such sale, lease, disposal or use,
shall be considered to have been received and held in trust by the Grantee for
the United States of America and shall be subject to the direction and control
of the Grantor, or its successor in function; but the provisions of this
paragraph shall not impair or affect the rights reserved to the Grantor under
any other provision of this deed.

IN WITNESS WHEREOF, the Grantor has caused this instrument to be executed
as of the day and year first above written.

87-265190

RECORDED IN OFFICIAL RECORDS
OF ALAMEDA COUNTY, CALIF.
RENE C. DAVIDSON, CO. RECORDER

'07 SEP 25 PM 1 43

D. H.

UNITED STATES OF AMERICA
Acting through the Secretary
of Health and Human Services

By: _____
John A. Cofrancesco
Director
Division of Health Facilities Planning
Public Health Service

ACKNOWLEDGMENT

STATE OF MARYLAND }
COUNTY OF MONTGOMERY } SS

        On this 10th day of July           1987, before me the undersigned
officer, personally appeared John A. Cofrancesco, known to me to be the
Director, Division of Health Facilities Planning, Public Health Service,
Department of Health and Human Services, and known to me to me to be the person who
executed the foregoing instrument on behalf of the Secretary of Health and
Human Services, for the United States of America, and acknowledged to me that
he subscribed to the said instrument in the name of the Secretary of Health
and Human Services and on behalf of the United States of America.

        Witness my hand and official seal.


(SEAL)
                                        _Judy Breitman_
                                        Notary Public
                                My commission expires July 1, 1990


ACCEPTANCE

        The  Dublin San Ramon Services District                        hereby
accepts this deed and thereby accepts and agrees to all the terms, covenants,
conditions and restrictions contained therein.


                                By _Paul J. Ryan_
                                        General Manager


ACKNOWLEDGMENT

STATE OF  California)
COUNTY OF   Alameda) SS

        On this  25th day of  September   , 19 87, before me.  Roberta Jessing
a Notary Public in and for the City of  Dublin       , County of  Alameda
    , State of  California    , personally appeared Paul J. Ryan
                    , known to me to be the    General Manager of the
Dublin San Ramon Services Dist, and known to me to me to be the person who executed
the foregoing instrument on behalf of the Dublin San Ramon Services District
and acknowledged to me that he executed the same as the free act and deed of
the Dublin San Ramon Services District.

        Witness my hand and official seal.

(SEAL)
                                        _____
                                        Notary Public
                                My commission expires August 5, 1989

265190

EXHIBIT A

All that real property situate in the County of Alameda, State of California, more particularly described as follows:

PARCEL I:

Beginning at a point on the Westerly Boundary line of that certain tract of land containing 1191.61 acres and described in that certain deed from M. Clark to Spring Valley Water Co., a Corporation, dated December 29, 1911 and recorded December 30, 1911, in the office of the County Recorder of Alameda County, State of California, in Book 1985 of Deeds at Page 449, distant thereon, S.23° 18' 45"E. 1274.16 feet from the intersection of said Westerly Boundary line of said 1191.61-acre tract with the Southerly Boundary line of the State Highway leading from Dublin to Livermore as said State Highway now exists 66 feet wide; thence

1.    S 89° 41' 35"E. 1326.87 feet; thence

2.    S 9° 15' 52"E. 2336.45 feet; thence

3.    S 80° 44' 08"W. 35.00 feet; thence

4.    S 9° 15' 52"E. 1632.29 feet; thence

5.    S 75° 21' 56"W. 1531.02 feet to a point on the Easterly Boundary line of that certain 144.92-acre tract of land conveyed by Spring Valley Company, Ltd., a Corporation to Elizabeth Nevin and described under Recorder's Series AA-42775 recorded July 10, 1930 in Book 2367 at Page 410 of Official Records in the Office of the County Recorder of Alameda County, California; thence Northwesterly along said Easterly Boundary line of said 144.92-acre tract;

6.    N 14° 35' 30"W. 2102.45 feet to an angle point on said Easterly Boundary line; thence continuing along said Easterly Boundary line;

7.    N 23° 00' 45"W. 456.52 feet to a point on the Westerly Boundary line of said 1191.61 acre tract herein after referred to; thence along the Westerly Boundary line of said 1191.61-acre tract the following courses and distances:

8.    N 66° 59' 15"E. 887.78 feet to an angle point thereon; thence

9.    N 22° 52' 45"W. 976.55 feet to an angle point thereon; thence

10.    N 66° 33' 15"E. 78.80 feet to an angle point thereon; thence

11.    N 23° 18' 45"W. 635.52 feet to the point of beginning.

Containing 139.99 acres of land, more or less.

1F-265190

EXHIBIT A

EXCEPTING THEREFROM all that portion of the hereinabove described Parcel I as follows:

COMMENCING at the southwesterly corner of that certain 12 foot strip of land described as Parcel 3 in the easement Deed to the State of California recorded January 26, 1955, in Volume 7549 of Offical Records of Alameda County at Page 201; thence along the southerly line of said Parcel 3, S 88° 17' 08"E. 1343.34 feet to the line common to the properties, now or formerly, of the United States of America and of Volk-McLain Communities Inc.; thence along said common property line, S. 8° 02' 10"E., 57.31 feet; thence from a tangent that bears N 86° 49' 08"W. along a curve to the left with a radius of 3972 feet, through an angle of 1° 27' 33", an arc length of 101.16 feet; thence N 88° 16' 41"W. 1017.99 feet; thence S. 38° 19' 07" W., 125.80 feet; thence N. 88° 16' 41" W., 90.37 feet to the westerly line of the 1191.61 acre tract, described in that certain deed to the Spring Valley Water Co., a Corporation, recorded December 30, 1911, in Book 1985 of Deeds at Page 449, in the Office of the County Recorder of Alameda County; thence along said westerly line, N 21° 59' 38"W. 170.40 feet to the point of commencement. CONTAINING 2.039 acres, more or less.

PARCEL II: Consisting of 2 easements

A strip of land 10 feet in width lying 5 feet on each side of the following described centerline:

COMMENCING, for reference, at a point on the centerline of County Road No. 2961, also known as Hopyard Road, said point being located N 0° 50' 40"W. 845.36 feet, measured along the center line of said road from the Southwest corner of a parcel of land described in that certain deed from Spring Valley Water Co., Ltd., a corporation, to Elmer B. Stone and Nellie C. Harris dated April 30, 1943 and recorded May 14, 1943 in the Office of the County Recorder of Alameda County, California in Book 4335, Page 58; thence S 64° 56' 10"W. 2399.33 feet to the TRUE POINT OF BEGINNING, said point situate on the Easterly Boundary line of the land acquired by the U.S. Navy for sewage disposal lagoons, being located 2282.67 feet South of the Southerly line of State Highway No. 50 when measured along the Easterly boundaries of said disposal lagoons; thence along the following numbered courses:

(1)    N 64° 56' 10"E. 2399.33 feet to a point on the centerline of said Hopyard Road;

(2)    N 64° 56' 10"E. 982.88 feet;

(3)    S 85° 48' 35"E. 138.83 feet;

(4)    N 04° 11' 25"E. 75.00 feet;

(5)    S 89° 06' 20"E. 372.44 feet;

(6)    N 42° 44' 10"E. 115.45 feet to a point on the Southwesterly Right of Way line of the San Ramon Branch of the Southern Pacific Company Railroad, said point being located S 47° 16' 30"E. 6.41 feet distant along said Southwesterly Right of Way line, from the intersection of said Right of Way line with the South line of State Highway U.S. No. 50;

2

(7)   Northwesterly across the intersection of said San Ramon Branch of the Southern Pacific Company Railroad and State Highway U.S. No. 50 to the North line of State Highway U.S. No. 50 and the POINT OF TERMINATION. Containing 0.94 acres, more or less.

TOGETHER WITH the following described parcel of land:

Being a portion of the lands of Prudential Insurance Company of America as described in the deed recorded March 3, 1987, under Recorder's Series No. 87-61043. Official Records of Alameda County, more particularly described as follows:

COMMENCING at the northerly terminus of the course described as "N 0° 50' 40"W. 845.86 feet" in the Final Judgement Order in the District Court of the United States in and for the Northern District of California, Southern Division, Case No. 23111-S, recorded November 6, 1945 in Book 4795 at page 437, Official Records of Alameda County, said course described as being the centerline of County Road No. 2961, also known as Hopyard Road, for the purpose of this description the bearing of N 1° 38' 51"E. taken as the bearing being of the centerline of said Hopyard Road; thence leaving said centerline of Hopyard Road, N 67° 25' 41"E. 66.84 feet to a point on the general easterly line of a Public Service Easement as shown on Parcel Map 4583, filed December 18, 1985 in Book 159 of Maps at page 6, Official Records of Alameda County, said point being on a curve concave to the northeast having radius of 192.50 feet and to which point a radial line bears S 64° 39' 27"W.; thence northeasterly 5.00 feet along said curve and general easterly line of said Public Service Easement through a central angle of 1° 29' 21" to the TRUE POINT OF BEGINNING; thence leaving said curve and general easterly line of said Public Service Easement, S 67° 25' 41"W. 10.00 feet to a point on a curve concave to the northeast having a radius of 202.50 feet and to which point a radial line bears S 66° 12' 54" W.; thence northeasterly 89.89 feet along said curve through a central angle of 25° 25' 57"; thence N 1° 38' 51"E. 183.93 feet; thence S 88° 16' 41"E. 64.87 feet to a point on the general southerly line of the lands of Alameda County Flood Control and Water Conservation District as described in the instrument recorded March 28, 1984 under Recorder's Series No. 84-059952, Official Records of Alameda County; thence continuing easterly along the general southerly line of said lands of Alameda County Flood Control and Water Conservation District, S 88° 16' 41"E. 51.77 feet to the beginning of a curve concave to the northwest having a radius of 124.00 feet; thence easterly and northeasterly 60.93 feet along said curve through a central angle of 28° 09' 19"; thence N 62° 34' 00"E. 73.56 feet; thence S 88° 16' 51" E. 157.38 feet; thence S 85° 48' 35" E. 303.40 feet to the general northwesterly line of said Final Judgement Order; thence southwesterly along the general northwesterly line of said Final Judgement Order, S 67° 25' 41"W. 22.21 feet; thence leaving the general northwesterly line of said Final Judgement Order, N 85° 48' 35"W. 283.35 feet; thence N 88° 16' 51"W. 154.66 feet; thence S 63° 34' 00"W. 104.65 feet; thence N 88° 16' 41"W. 140.23 feet to the general easterly line of said Public Service Easement; thence southerly along the general easterly line of said Public Service Easement, S 1° 38' 51"W. 173.91 feet to the beginning of a curve concave to the northeast having a radius of 192.50 feet; thence southerly and southeasterly 85.66 feet along said curve through a central angle of 25° 29' 43" to the true point of beginning. Containing 0.223 acres, more or less, together with all improvements appurtenant to easements.

3

265190

EXHIBIT A

Subject thereto a slope easement as described in the instrument recorded March 28, 1984 under Recorder's Series No. 84-059952, Official Records of Alameda County.

EXCEPTING THEREFROM all that land described as follows:

Being a portion of Easement "B" as described in the Final Judgement Order in the District Court of the United States in and for the Northern District of California, Southern Division, Case No. 23111-S, recorded November 6, 1945 in Book 4795 at page 437, Official Records of Alameda County, more particularly described as follows:

COMMENCING at the northerly terminus of the course described as "N 0° 50' 40"W. 845.86 feet" in said Final Judgement Order, said course described as being the centerline of County Road No. 2961, also known as Hopyard Road. For the purpose of this legal description the bearing of N 1° 38' 51"E. taken as the bearing of the centerline of said Hopyard Road; thence leaving said centerline of Hopyard Road, N 67° 25' 41"E. 66.84 feet to the TRUE POINT OF BEGINNING, said point being on the general easterly line of a public service easement as shown on Parcel Map 4583, filed December 18, 1985 in Book 159 of Maps at page 6, Official Records of Alameda County, said point also being on a curve concave to the northeast having a radius of 192.50 feet and to which point a radial line bears S 64° 39' 47"W.; thence northwesterly 5.00 feet along said curve through a central angle of 1° 29' 12" to a point on said curve to which a radial line bears S 66° 09' 08"W.; thence leaving said curve, N 67° 25' 41"E. 714.44 feet; thence S 85° 48' 35"E. 22.21 feet; thence S 67° 25' 41"W. 733.79 feet to a point on the general easterly line of said Public Service Easement, said point being on a curve concave to the northeast having a radius of 192.50 feet and to which a radial line bears S 63° 10' 19"W.; thence northwesterly 5.01 feet along said curve and said Public Service Easement through a central angle 1° 29' 28" to the true point of beginning. Containing 0.166 acres, more or less.

TOTAL AREA contains 137.95 acres, more or less

ID-265190

## CERTIFICATE OF ACCEPTANCE

This is to certify that the interest in real property conveyed by the Quitclaim Deed dated July 10, 1987, from the United States of America to Dublin San Ramon Services District, a public agency in the State of California, Counties of Alameda and Contra Costa, is hereby accepted by the undersigned officer or agent on behalf of said community services district, pursuant to authority conferred by Resolution No. 43-61 of the governing board of said district, adopted on May 15, 1961, and the grantee consents to the recordation thereof by its duly authorized officer.

Dated: _September 25, 1987_          By: _Paul J. Ryan_
                                     PAUL J. RYAN
                                     General Manager


Paul J. Ryan, being duly sworn, hereby declares, under penalty of perjury, that the foregoing is true and correct.

_September 25, 1987_                 _Paul J. Ryan_
Date                                 Paul J. Ryan


County of Alameda      )
                       ) ss.
State of California     )

Subscribed and sworn to before me, Roberta Jessing, a Notary Public in the State of California, on this _25th_ day of _September_ , 1987.

_Roberta Jessing_
Roberta Jessing

OFFICIAL SEAL
ROBERTA JESSING
Notary Public - California
County of Alameda
My Comm. Expires Aug. 6, 1989



OFFICIAL SEAL
ROBERTA JESSING
Notary Public - California
County of Alameda
My Comm. Expires Aug. 6, 1989

# Exhibit B

City of Pleasanton
County of Alameda

Route 580
4-Ala-580-19.9
Dublin San Ramon
Sanitary District
52438-1

EXHIBIT "A"
Legal Description

Parcel 1 (52438-1)

Real property in the City of Pleasanton, County of Alameda, State of California, being a portion of that parcel described in Book 4681 O.R., Page 234, Alameda County Records, described as follows:

Commencing at the most westerly corner of said parcel; thence along the northerly line of said parcel the following four courses 1) S.88°16.41"E., 90.39 feet; 2) N.38°20'32"E., 125.85 feet; 3) S.88°16.41"E., 1018.07 feet to the beginning of tangent curve to the right 4) along said curve with a radius of 3971.83 feet and central angle of 1°10'19", an arc length of 81.25 feet to the northeasterly corner of said parcel; thence along the easterly line of said parcel S.7°55'01"E., 83.88 feet to a non-tangent curve; thence from a tangent that bears S.85°51'47"W., along a curve to the left with a radius of 2058.50 feet and central angle of 2°50'24", an arc length of 102.04 feet; thence S.83°01'23"W., 105.66 feet to the beginning of a tangent curve to the right; thence along said curve with a radius of 3065.00 feet and central angle of 13°17'13", an arc length of 710.78 feet; thence N.83°41'24"W., 362.13 feet to a point on the westerly line of said parcel; thence along said line N.21°59'10"W., 8.62 feet to the Point of Commencement.

CONTAINING 149,769 square feet more or less.

This conveyance is made for the purposes of a freeway and adjacent frontage road and the grantor hereby releases and relinquishes to the grantee any and all abutter's rights including access rights appurtenant to grantor's remaining property, in and to said freeway, provided however, that such remaining property shall abut upon and have access to said frontage road which will be connected to the freeway only at such points as may be established by public authority.

The bearings and distances used in the above descriptions are on the California Coordinate System of 1983, Zone 3. Multiply the above distances by 1.00007045 to obtain ground level distances.

This real property description has been prepared by me, or under my direction in conformance with the Professional Land Surveyors Act.

*Wiley J. Pierce Jr.*

Wiley J. Pierce, Jr.   L. S. 3300

3-25-97

Date

# Exhibit C

**Exhibit C**

Contract No. 09-CA-2019
Abrogation No.

## RELEASE AND ABROGATION OF CONDITIONS SUBSEQUENT

WHEREAS, the UNITED STATES OF AMERICA, acting by and through the Secretary of Health and Human Services , hereinafter referred to as the Grantor, by Quitclaim Deed dated July 10, 1987, recorded as Instrument No. 87-265190 in the Alameda County, California, Records on September 25, 1987 ("Quitclaim Deed") conveyed certain real property, more particularly described therein, to the Dublin San Ramon Services District, hereinafter referred to as the Grantee, subject to the following conditions subsequent set forth therein, to wit:

1. That for a period of thirty (30) years from the date hereof the Property herein conveyed will be used continuously for health purposes in accordance with the proposed program and plan of the Grantee as set forth in its application dated the 8th of August, 1986, supplemented on September 17, 1986, and May 28, 1997, and for no other purpose.
2. That during the aforesaid period of thirty (30) years the Grantee will not resell , lease, mortgage, or encumber or otherwise dispose of any part of the Property or interest therein except as the Grantor or its successor in function may authorize in writing.
3. That one year from the date hereof and annually thereafter for the aforesaid period of thirty (30) years, unless the Grantor or its successor in function directs otherwise, the Grantee will file with the Grantor or its successor in function reports on the operation and maintenance of the Property and will furnish, as requested, such other pertinent data evidencing continuous use of the Property for the purposes specified in the above-identified application.
4. That during the aforesaid period of thirty (30) years the Grantee will at all times be and remain a tax-supported organization or a nonprofit institution, organization, or association exempt from taxation under section 501(c)(3) of the Internal Revenue Code of 1954.

WHEREAS, it is provided in said Quitclaim Deed that with consent of the Secretary of Health and Human Services, or his successor in function, abrogation of conditions subsequent numbered 1, 2, 3, and 4 stated hereinbefore may be secured; and

WHEREAS, conditions subsequent numbered 1, 2, 3 and 4 stated hereinbefore attach to and run with the land for so long as the property is used for a purpose for which Federal financial assistance was extended or for another purpose involving the provision of similar services or benefits; and

WHEREAS, pursuant to a Stipulation of Settlement entered into between the Grantor and Grantee in the United States District Court for the Northern District of California, Case No. 02-5766 EDL, the Grantee requests abrogation of conditions subsequent numbered 1,2,3, and 4 stated hereinbefore as contained in said Quitclaim Deed, inasmuch as they restrict a parcel of the property conveyed to the Grantee by said Quitclaim Deed and that is the subject of the Stipulation of Settlement, amounting to 3.438 ± acres thereof (hereinbelow "the restricted parcel"), and more particularly described as follows:

Commencing at the most westerly corner of said parcel; thence along the northerly line of said parcel the following four courses 1) S.88°16.41" E., 90.39 feet; 2) N.38°20'32" E., 125.85 feet; 3) S.88°16.41" E., 1018.07 feet to the beginning of tangent curve to the right 4) along said curve with a radius of 3971.83 feet and central angle of 1°10'19", an arc length of 81.25 feet to the northeasterly corner of said parcel; thence

along the easterly line of said parcel S.7°55'01" E., 83.88 feet to a non-tangent curve; thence from a tangent that bears S.85°51'47" W., along a curve to the left with a radius of 2058.50 feet and central angle of 2°50'24", an arc length of 102.04 feet: thence S.83°01'23" W., 105.66 feet to the beginning of a tangent curve to the right; thence along said curve with a radius of 3065.00 feet and central angle of 13°17'13", an arc length of 710.78 feet; thence N.83°41'24" W., 362.13 feet to a point on the westerly line of said parcel; thence along said line N.21°59'10" W., 8.62 feet to the Point of Commencement.

WHEREAS, the Grantor consents to release the restrictions contained in the aforesaid conditions subsequent as they apply to the restricted parcel, and the Secretary of Health and Human Services has given notice of such proposed action to the General Services Administration in accordance with the provisions of Section 550 of the Federal Property and Administrative Services Act of 1949, as amended, and the General Services Administration, Region IX, has concurred in the proposed action; and

NOW, THEREFORE, in consideration of the agreed upon sum of $597,408.00, receipt of which is hereby acknowledged, the Grantor does hereby release from the conditions subsequent numbered 1, 2, 3 and 4  and  stated hereinbefore and set forth in the aforesaid Quitclaim Deed as said conditions subsequent apply to the aforementioned restricted parcel.

IN WITNESS WHEREOF the Grantor has caused this instrument to be executed this day of _____, 2005.

**UNITED STATES OF AMERICA**
Acting through the Secretary
of Health and Human Services

By:_____
    John G. Hicks
    Chief, Space Management Branch
    Division of Property Management

**ACKNOWLEDGMENT**

STATE OF MARYLAND   )
COUNTY OF MONTGOMERY ) SS

On this \_\_\_\_ day of _____ 2005. before me the undersigned officer, personally appeared John G. Hicks, known to me to be the Chief, Space Management Branch, Division of Property Management, Program Support Center, Department of Health and Human Services, and known to me to be the person who executed the foregoing instrument on behalf of the Secretary of Health and Human Services, for the United States of America, and acknowledged to me that he subscribed to the said instrument in the name of the Secretary of Health and Human Services and on behalf of the United States of America.

Witness my hand and official seal.

(SEAL)                    _____
                                 Notary Public
                                 My commission expires_____

2

# Exhibit D

1  RICHARD E. WINNIE
   County Counsel
2  MICHAEL R. NAVE, SBN: 37226
3  DAVID W. SKINNER, SBN: 146285
   JAMES H. DUNCAN, JR., SBN 142039
4  MEYERS, NAVE, RIBACK, SILVER & WILSON
5  A Professional Law Corporation
   555 12th Street, Suite 1500
6  Oakland, California 94607
7  Telephone: (510) 808-2000

8  Attorneys for Plaintiff
9  COUNTY OF ALAMEDA

10
                    UNITED STATES DISTRICT COURT
11
12                 NORTHERN DISTRICT OF CALIFORNIA
13                      SAN FRANCISCO DIVISION
14

15 | COUNTY OF ALAMEDA, etc.,          | Case No. C 02-5766 EDL
16 |                                    |
   |            Plaintiff,              | Judgment in Condemnation
17 |                                    |
18 |              v.                    |
19 | DUBLIN SAN RAMON SERVICES         | APN: 914-1300-002-06 (Por.)
20 | DISTRICT, et al.                   | Parcel: 52438-1
21 |            Defendants.             |

22
23      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to the
24 Stipulation and Order for Settlement and Payment of Just Compensation and for Entry
25 of Judgment and Final Order of Condemnation ("Stipulation and Order"), Defendant
26 Pacific Telephone and Telegraph Company, having filed a Disclaimer of any and all
27 title and interest in and to the subject property, has no title or interest in the subject
28 property, and is not entitled to any compensation to be paid by Plaintiff in this action.

                                    1

Judgment in Condemnation
C 02-5766 EDL

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to said Stipulation and Order, Defendant City of Pleasanton, California ("City") disclaims its interest in its easements for roadway and public utilities and its landscape easement and no monetary or other or additional compensation shall be payable or due City from any of the parties for the loss of said easements and landscaping and appurtenances thereon or therein and City relinquishes any and all claims therefor.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to said Stipulation and Order, just compensation to be paid by Plaintiff to Defendant Dublin San Ramon Services District ("DSRSD")for the acquisition of the fee simple title to the subject property and severance damages to the remainder of said Defendant Dublin San Ramon Services District's real property is the sum of Three Million Five Hundred Thousand Dollars ($3,500,000.00) less the sum of Five Hundred Ninety Seven Thousand Four Hundred Eight Dollars ($597,408.00) to be paid by Plaintiff to Defendant and Cross-Complainant United States of America ("USA") as just compensation for its reversionary interest in the subject property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to said Stipulation and Order, said payment by Plaintiff to USA shall be conditioned upon the simultaneous delivery of a duly executed and acknowledged Release and Abrogation of Conditions Subsequent by USA to DSRSD, which shall be recorded in the office of the Alameda County Reorder by DSRSD prior entry of the Final Order of Condemnation in this matter.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Treasurer of the County of Alameda shall prepare a warrant or check in the amount of Two Million Nine Hundred Two Thousand Five Hundred Ninety Two Dollars ($2,902,592.00) payable to DSRSD and deliver said warrant or check to DSRSD in care of its attorney, David E. Schricker, a Professional Corporation, 20370 Town Center Lane, Suite 100, Cupertino, California 95014.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Treasurer of the County of Alameda shall prepare a warrant or check in the amount of Five Hundred Ninety Seven Thousand Four Hundred Eight Dollars ($597,408.00) payable

1   to USA, and deliver said warrant or check to USA in care of its attorney, Andrew Y.S.

2   Cheng, Assistant United States Attorney, 455 Golden Gate Avenue, San Francisco,

3   California, 94102.

4        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon payment

5   of said sums for the benefit of Defendants DSRSD and USA, fee simple title in and to

6   the subject property shall be condemned to Plaintiff and as against said Defendants.

7        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the payment of

8   said compensation, shall be full payment for said fee simple title including all rights of

9   way and incidents thereto for a public highway, including the installation of public

10  utilities and the construction of the Interstate 580/680 Interchange Project,  and for all

11  damages of every kind and nature accruing by reason of the acquisition of said real

12  property and the construction and maintenance thereon of the public improvements

13  imposed by Plaintiff.

14       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the subject

15  property is situated in the County of Alameda, State of California, and is more

16  particularly described in Exhibit "A" attached hereto and incorporated herein.

17       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the public use

18  necessity required the project for which said real property is acquired, that the said

19  project is planned and located in the manner that will be most compatible with the

20  greatest public good and the least private injury, that the said real property is

21  necessary for the said project, and the purpose for which said project, and the

22  purpose for which said property is acquired, is a public use authorized by law.

23

24  Dated: _____, 2005

25

26                              _____
                                Elizabeth D. Laporte, Magistrate Judge
27

28

3

.

# EXHIBIT A

City of Pleasanton
County of Alameda

Route 580
4-Ala-580-19.9
Dublin San Ramon
Sanitary District
52438-1

EXHIBIT "A"
Legal Description

Parcel 1 (52438-1)

      Real property in the City of Pleasanton, County of Alameda, State of California, being a portion of that parcel described in Book 4681 O.R., Page 234, Alameda County Records, described as follows:

      Commencing at the most westerly corner of said parcel; thence along the northerly line of said parcel the following four courses 1) S.88°16.41"E., 90.39 feet; 2) N.38°20'32"E., 125.85 feet; 3) S.88°16.41"E., 1018.07 feet to the beginning of tangent curve to the right 4) along said curve with a radius of 3971.83 feet and central angle of 1°10'19", an arc length of 81.25 feet to the northeasterly corner of said parcel; thence along the easterly line of said parcel S.7°55'01"E., 83.88 feet to a non-tangent curve; thence from a tangent that bears S.85°51'47"W., along a curve to the left with a radius of 2058.50 feet and central angle of 2°50'24", an arc length of 102.04 feet; thence S.83°01'23"W., 105.66 feet to the beginning of a tangent curve to the right; thence along said curve with a radius of 3065.00 feet and central angle of 13°17'13", an arc length of 710.78 feet; thence N.83°41'24"W., 362.13 feet to a point on the westerly line of said parcel; thence along said line N.21°59'10"W., 8.62 feet to the Point of Commencement.

      CONTAINING 149,769 square feet more or less.

      This conveyance is made for the purposes of a freeway and adjacent frontage road and the grantor hereby releases and relinquishes to the grantee any and all abutter's rights including access rights appurtenant to grantor's remaining property, in and to said freeway, provided however, that such remaining property shall abut upon and have access to said frontage road which will be connected to the freeway only at such points as may be established by public authority.

The bearings and distances used in the above descriptions are on the California Coordinate System of 1983, Zone 3. Multiply the above distances by 1.00007045 to obtain ground level distances.

      This real property description has been prepared by me, or under my direction in conformance with the Professional Land Surveyors Act.

Wiley J. Pierce, Jr.   L. S. 3300

3-25-97
Date

# Exhibit E

Exhibit E

1    RICHARD E. WINNIE
       County Counsel
2    MICHAEL R. NAVE, SBN: 37226
3    DAVID W. SKINNER, SBN: 146285
       JAMES H. DUNCAN, JR., SBN 142039
4    MEYERS, NAVE, RIBACK, SILVER & WILSON
       A Professional Law Corporation
5    555 12th Street, Suite 1500
6    Oakland, California 94607
7    Telephone:  (510) 808-2000

8    Attorneys for Plaintiff
       COUNTY OF ALAMEDA
9

10

11                  UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15   COUNTY OF ALAMEDA, etc., | Case No.  C 02-5766 EDL |
| 16 | |
| 17          Plaintiff, | FINAL ORDER OF CONDEMNATION |
| 18           v. | APN:  914-1300-002-06  (Por.) |
| 19   DUBLIN SAN RAMON SERVICES | Parcel: 52438-1 |
| 20   DISTRICT, et al. | |
| 21         Defendants. | |

22

23

24          IT APPEARING, and the Court finds, that the award set forth in the Judgment

25 in Condemnation for the taking of the subject real property described in Exhibit "A"

26 attached hereto, to wit: Three Million Five Hundred Thousand Dollars ($3,500,000.00)

27 is full and just compensation for the taking of said property, and the Court being fully

28 informed and good cause appearing therefor,

1

Final Order of Condemnation
C 02-5766 EDL

Exhibit E

1        NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that

2 upon recordation of a certified copy of this Final Order of Condemnation, the fee

3 simple title in and to said subject property shall vest in Plaintiff COUNTY OF

4 ALAMEDA free and clear, and discharged of all liens and claims of every kind

5 whatsoever, except those of public record.

6        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the public

7 interest and necessity require the acquisition of the fee simple title in said real

8 property.

9        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the subject

10 property is situated in the County of Alameda, State of California, and is more

11 particularly described in Exhibit "A" attached hereto and incorporated herein.

12        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be

13 entered in favor of Plaintiff and against Defendants DUBLIN SAN RAMON SERVICES

14 DISTRICT  and UNITED STATES OF AMERICA.

15

16 Dated: _____, 2005

17

18                                  _____

19                                  Elizabeth D. Laporte, Magistrate Judge

20

21

22

23

24

25

26

27

28

2

Final Order of Condemnation
C 02-5766 EDL

# EXHIBIT A

City of Pleasanton
County of Alameda

Route 580
4-Ala-580-19.9
Dublin San Ramon
Sanitary District
52438-1

**EXHIBIT "A"**
**Legal Description**

Parcel 1 (52438-1)

Real property in the City of Pleasanton, County of Alameda, State of California, being a portion of that parcel described in Book 4681 O.R., Page 234, Alameda County Records, described as follows:

Commencing at the most westerly corner of said parcel; thence along the northerly line of said parcel the following four courses 1) S.88°16.41"E., 90.39 feet; 2) N.38°20'32"E., 125.85 feet; 3) S.88°16.41"E., 1018.07 feet to the beginning of tangent curve to the right 4) along said curve with a radius of 3971.83 feet and central angle of 1°10'19", an arc length of 81.25 feet to the northeasterly corner of said parcel; thence along the easterly line of said parcel S.7°55'01"E., 83.88 feet to a non-tangent curve; thence from a tangent that bears S.85°51'47"W., along a curve to the left with a radius of 2058.50 feet and central angle of 2°50'24", an arc length of 102.04 feet; thence S.83°01'23"W., 105.66 feet to the beginning of a tangent curve to the right; thence along said curve with a radius of 3065.00 feet and central angle of 13°17'13", an arc length of 710.78 feet; thence N.83°41'24"W., 362.13 feet to a point on the westerly line of said parcel; thence along said line N.21°59'10"W., 8.62 feet to the Point of Commencement.

CONTAINING 149,769 square feet more or less.

This conveyance is made for the purposes of a freeway and adjacent frontage road and the grantor hereby releases and relinquishes to the grantee any and all abutter's rights including access rights appurtenant to grantor's remaining property, in and to said freeway, provided however, that such remaining property shall abut upon and have access to said frontage road which will be connected to the freeway only at such points as may be established by public authority.

The bearings and distances used in the above descriptions are on the California Coordinate System of 1983, Zone 3. Multiply the above distances by 1.00007045 to obtain ground level distances.

This real property description has been prepared by me, or under my direction in conformance with the Professional Land Surveyors Act.

Wiley J. Pierce, Jr.   L. S. 3300

3-25-97
Date